Ex parte Estebanía Vázquez Barreto, Petitioner and Appellant.

No. 9236. Argued December 26, 1945.—Decided January 28, 1946.

*Néstor A. Rodríguez Escudero* for appellant.

Mr. Chief Justice Travieso delivered the opinion of the court.

Estebanía Vázquez Barreto filed, in the District Court of Aguadilla, a petition for a declaration of heirship and alleged, in brief, among other facts, the following: (1) that Juan Manuel Vázquez Barreto died intestate in San Juan, Puerto Rico, on November 26, 1939, leaving as his sole and universal heirs his widow Aurea Irizarry and his father Juan Manuel Vázquez Vega; (2) that Juan Manuel Vázquez Vega, father of the decedent Juan Manuel Vázquez Barreto, died intestate in Isabela, Puerto Rico, on March 1, 1942, he being survived by his children Ana Dámasa, Agustín, Carmen. María Cristina, Generosa, Guillermina, Encarnación, and Estebanía, petitioner herein, all of them surnamed Vázquez Barreto, and his grandchildren, issue of his deceased son Félix Vázquez Barreto, named María, Félix, and Juan Manuel Vázquez Avilés, and other grandchildren, issue of his deceased daughter Rosa Vázquez Barreto. named Eva, Estela, and Carmen Margot Quiñones Vázquez, who are his sole and universal heirs; (3) that both Juan Manuel Vázquez Barreto and Juan Manuel Vázquez Vega died leaving no other heirs than the ones mentioned above; but they left property subject to partition. The petition concluded with the prayer (1) that there should be declared as heirs of Juan Manuel

Vázquez Barreto, his father Juan Manuel Vázquez Vega and his widow Aurea Irizarry, in the manner and share provided by law; and (2) that there should be declared as heirs of Juan Manuel Vázquez Vega his above-named legitimate children and granchildren in the manner and share determined by law.

On July 29, 1945, the District Court of Aguadilla decided: (1) to declare, as it did, sole and universal heirs of Juan Manuel Vázquez Vega his above-mentioned children and grandchildren; and (2) to hold that a declaration of heirship as to the estate of Juan Manuel Vázquez Barreto did not lie, because the petition had not been presented by a person having an interest in said estate, inasmuch as such fact did not appear from either the petition or the evidence introduced. (Sec. 552 of the Code of Civil Procedure, 1933 ed.)

The petitioner has taken the present appeal from the second pronouncement of the foregoing decision, and she urges that the court *a quo* erred in holding that a declaration of heirship as to the estate of Juan Vázquez Barreto did not lie, basing such action on the claim that she, the petitioner herein, had no interest in the estate of her deceased brother, Juan Manuel Vázquez Barreto.

From the petition it appears that Juan Manuel Vázquez Barreto, as well as his father Juan Manuel Vázquez Vega, left property subject to partition. The evidence introduced shows that each of them left and inheritance consisting of an undivided interest or condominium in a lot with a house thereon, situated in the town of Isabela, Puerto Rico. The pleadings and the evidence also show that Juan Manuel Vázquez Barreto died intestate, leaving as his heirs his father Juan Manuel Vázquez Vega and his widow Aurea Irizarry, and that afterward Juan Manuel Vázquez Vega died, leaving as his sole and universal heirs his above-named legitimate children and grandchildren, among whom is found the petitioner herein. In other words, we have an inheritance left by

Juan Manuel Vázquez Barreto and another one left by Juan Manuel Vázquez Vega. And we ask, who, under the provisions of §§ 898 and 761 of the Civil Code, had a right or interest in the estate of Vázquez Barreto? According to those Sections his father and his widow, in the manner and share provided by law, inherited his property, and therefore, these persons were the ones who had a right or interest in the estate of the decedent. If Juan Manuel Vázquez Vega had timely requested the lower court to declare him and the widow, in the usufructuary share, heirs of his son Vázquez Barreto, that court undoubtedly would not have denied his petition, since the father and the widow were the ones entitled to the inheritance under the law. However, it is inferred from the facts established in this case that Juan Manuel Vázquez Vega after his son Juan Manuel Vázquez Barreto had died intestate, did not apply for a declaration of heirship in his favor. At this stage of the succession after the death of Juan Manuel Vázquez Vega, the petitioner herein, as one of the heirs of the latter, applied to the lower court for a declaration of heirship in favor of the father and the widow of petitioner's deceased brother, Juan Manuel Vázquez Barreto.

The facts recited above show the interest of the petitioner and her coheirs in the estate of the decedent Juan Manuel Vázquez Barreto. The lower court, in the order entered in this case, declared as sole and universal heirs of Juan Manuel Vázquez Vega his above-named legitimate children and grandchildren including the petitioner herein; which is equivalent to declaring them successors of the person of their predecessor in interest Juan Manuel Vázquez Vega, so that it can not be said that the latter is a person different from the former. See *Dávila* v. *Registrar,* 15 P.R.R. 652. To this should be added that the inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death (§ 608 of the Civil Code); and that the heirs succeed to all the rights and obligations of the de-

552

cedent by the mere fact of his death (§ 110, Civil Code). If the heirs of Juan Manuel Vázquez are the successors of the person of the latter, to all whose rights and obligations they succeeded by the mere fact of his death, how could it be maintained that said heirs have no right or interest in the inheritance which was derived by Juan Manuel Vázquez Vega from his son Juan Manuel Vázquez Barreto, and which now, by reason of the death of Vázquez Vega, belongs to his heirs, including the petitioner? The petitioner, as one of the heirs who are successors of the person of their father, and who succeeded to all his rights and obligations, has a perfect right, she being an interested party, to request and obtain the declaration of heirship respecting the estate of her deceased brother. The right or interest which Juan Manuel Vázquez Vega might have had in the estate of his deceased son became vested in his heirs.

For the reasons stated, we think that the order rendered by the lower court should be modified in the sense of declaring as sole and universal heirs of Juan Manuel Vázquez Barreto, his father Juan Manuel Vázquez Vega and his widow Aurea Irizarry, in the manner and share provided by law, and as thus modified, the order should be affirmed.